UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL AUSTIN,  2:21-cv-01242-LDH-AKT

                         Plaintiff,

        - against -  **AMENDED COMPLAINT**

HESHAM M. ATWA, M.D.;
HESHAM M. ATWA, PHYSICIAN, P.C.;
OUTSOURCE MARKETING SOLUTIONS, INC.;
BRUCE SAFRAN, and MD CONNECT, INC.,

                        Defendants.
-------------------------------------------------------------------x

Plaintiff, MICHAEL AUSTIN, by his attorneys, EDWARD C. GREENBERG, LLC, alleges as follows:

## **PARTIES**

1. At all times hereinafter mentioned, MICHAEL AUSTIN (hereinafter "Plaintiff" or "AUSTIN") is an individual medical illustrator who resides in the State of Arizona, county of Mesa.

2. Defendant HESHAM M. ATWA, M.D. (hereinafter "Defendant" or "ATWA", or "DR. ATWA"), is an individual who, upon information and belief, resides in the State of New York, and does business in the County of Suffolk at the address 4 Technology Drive, Suite 220, East Setauket, New York 11733.

3. Defendant HESHAM M. ATWA, PHYSICIAN, P.C. (hereinafter "ATWA PC" or "Defendant"), is upon information and belief a domestic business corporation duly organized and existing under the laws of the State of New York, with its principal place of business located in the Eastern District of New York, at 4 Technology Drive, Suite 220, East Setauket, New York 11733.

1

4. Defendant OUTSOURCE MARKETING SOLUTIONS, INC, (hereinafter "OMSI" or "Defendant"), is upon information and belief, a domestic business corporation duly organized and existing under the laws of the State of New York, with its principal place of business located in the Eastern District of New York in the County of Suffolk in Coram, New York.

5. Defendant BRUCE SAFRAN is an individual, who, upon information and belief, resides in the Eastern District of New York, in the County of Suffolk, in Coram, New York.

6. Defendant MD CONNECT, INC. (hereinafter "MCI") is upon information and belief a foreign business corporation, duly organized and existing under the laws of the State of Delaware, and has transacted business in the State of New York.

## JURISDICTION AND VENUE

7. This is a civil action for copyright infringement.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

9. Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. 1400.

## FACTS COMMON TO ALL CLAIMS

10. That Plaintiff AUSTIN is a noted and respected medical illustrator with many years of experience.

11. AUSTIN has been a professional illustrator for 26 years.

12. Prior to the start of his career, AUSTIN earned a Master's degree in Medical and Biological Illustration from the University of Michigan School of Medical Illustration in Ann Arbor, Michigan.

13. AUSTIN's medical illustration craft is built upon studies of gross anatomy, comparative anatomy, pathology, biology, artistry.

14. AUSTIN began his medical illustration career by working at the Arizona Heart Institute in Phoenix, Arizona as a medical illustrator, creating illustrations of vascular procedures.

15. AUSTIN has been a professional member of the Association of Medical Illustrators for over two decades.

16. AUSTIN is a sole proprietor who does business under his name "MIKE AUSTIN" and under the name "Internal Art Medial Illustration".

17. AUSTIN earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation.

18. AUSTIN's medical illustration work has appeared in PBS documentaries, medical malpractice trials, surgical and clinical journals, books, advertising, professional and patient education materials, and medical device marketing and packaging.

19. AUSTIN's medical illustrations are well known among the medical community.

20. AUSTIN's medical illustrations are well-known as being created by AUSTIN among the medical community.

21. Defendant ATWA, upon information and belief, is licensed to practice medicine in the State of New York.

22. Upon information and belief, DR. ATWA is a principal of and the founder and medical director of Defendant ATWA PC.

23. Upon information and belief, ATWA PC does business under the name "Long Island Laparoscopic Doctors."

24. That DR. ATWA holds himself out and represents to the general public via advertising and otherwise as "senior surgeon" at "Long Island Laparoscopic Doctors".

25. Upon information and belief, DR. ATWA and ATWA PC are inextricably intertwined such that it is difficult to determine which of them is acting at which time.

26. Upon information and belief, SAFRAN is the Chairman and Chief Executive Officer of OMSI.

27. Upon information and belief, SAFRAN and OMSI are inextricably intertwined such that it is difficult to determine which of them is acting at which time.

28. Upon information and belief, the within action arose out of Defendant MCI's actions in the State of New York.

29. Upon information and belief, MCI does business in the State of New York.

30. Upon information and belief, MCI is a digital marketing company catering to hospitals, physicians, pharmaceutical companies, medical device companies, and national practices.

31. Upon information and belief, MCI aims to produce significant performance improvements in their digital campaigns.

THE COPYRIGHTED WORK AT ISSUE

32. In or around 2017, Plaintiff created an illustration of a peritoneal dialysis catheter as inserted within a body (hereinafter, the "Subject Image" or the "Image", a copy of which is annexed hereto as **Exhibit "A"**).

33. Plaintiff is the sole creator of and holds the copyright in the Subject Image, and duly registered same with the United States Copyright Office on March 23, 2017, with registration number VA u 1-273-302 (a copy of the relevant page of said registration is annexed hereto as **Exhibit "B"**).

34. That Subject Image was/is valuable in the marketplace.

THE UNAUTHORIZED USES OF PLAINTIFF'S IMAGE BY DEFENDANTS

35. The Subject Image was/is particularly valuable to Defendant(s).

36. Upon information and belief, defendants ATWA and/or ATWA PC hired defendants SAFRAN and/or OMSI to perform web services relating to the website journeytothenewyou.com.

37. Upon information and belief, defendants ATWA and/or ATWA PC hired defendant

MCI to perform digital marketing services for the website journeytothenewyou.com.

38. Journeytothenewyou.com has, at all relevant times herein, been the website for ATWA PC.

39. Upon information and belief, defendants SAFRAN and OMSI, or one or more of them, carefully and purposely selected the Subject Image to include on the website journeytothenewyou.com.

40. Upon information and belief, defendants SAFRAN and OMSI provided the Subject Image to MCI so that MCI could publish the subject image to the website journeytothenewyou.com.

41. Upon information and belief, MCI published the Subject Image to the website journeytothenewyou.com.

42. Upon information and belief, SAFRAN and/or OMSI directed MCI to publish the Subject Image on the website journeytothenewyou.com.

43. Upon information and belief, DR. ATWA and ATWA PC directed MCI to publish the Subject Image on the website journeytothenewyou.com.

44. Upon information and belief, MCI failed to request or obtain any copyright licenses for the Subject Image prior to publishing same on the website journeytothenewyou.com.

45. Upon information and belief, none of defendants sought a release to publish or otherwise use the Subject Image on or in connection with the website journeytothenewyou.com.

46. Upon information and belief, none of defendants obtained a release to publish or otherwise use the Subject Image on or in connection with the website journeytothenewyou.com.

47. Each of defendants MCI, DR. ATWA and ATWA PC acted at least with reckless disregard in their use of the Subject Image as complained of herein, without having sought or obtained a copy of the copyright license or other rights clearance documentation, if any, applicable

to the Subject Image.

48. Defendant(s) have employed the Subject Image in connection with promotions, marketing materials and advertisements for ATWA PC.

49. Defendant(s) have prominently employed Plaintiff's Subject Image on the website journeytothenewyou.com (copies of such uses are annexed hereto at **Exhibit "C"**).

50. Upon information and belief, SAFRAN personally participated in the selection of the Subject Image.

51. Upon information and belief, SAFRAN personally participated in the approval and use of the Subject Image.

52. Upon information and belief, SAFRAN personally participated in the publication of the Subject Image.

53. Upon information and belief, SAFRAN had a right and ability to supervise the rights clearance protocols, or lack thereof, within OMSI, as they pertained to the Subject Image.

54. Upon information and belief, SAFRAN had a right and ability to supervise in the selection, approval, use and publication of the Subject Image on journeytothenewyou.com.

55. SAFRAN had a direct financial interest in the use of the subject image as it enhanced the look and quality of the web content that he and OMSI created, thus enhancing his and OMSI's portfolio, and was likely to lead to additional business and income in the future.

56. Upon information and belief, SAFRAN has a direct financial stake in the success of OMSI.

57. Upon information and belief, all defendants approved of the use of the Subject Image on the website journeytothenewyou.com.

58. Upon information and belief, ATWA personally participated in the approval of the subject image.

59. Upon information and belief, ATWA personally participated in the use and publication of the subject image.

60. Upon information and belief, ATWA had a right and ability to supervise the rights clearance protocols, or lack thereof, within ATWA PC, as they pertained to the Subject Image.

61. Upon information and belief, ATWA had a right and ability to supervise in the approval, use and publication of the Subject Image on journeytothenewyou.com.

62. Upon information and belief, ATWA had a right and ability to supervise the work performed by each of MCI, SAFRAN and OMSI in connection with the website journeytothenewyou.com.

63. ATWA had a direct financial interest in the use of the Subject Image as it enhanced the look and quality of the journeytothenewyou.com website, promoted the use of peritoneal dialysis catheters, and served as advertising and promotion for his services and the services of ATWA PC, and was likely to lead to additional business and income in the future.

64. Upon information and belief, ATWA has had, at all relevant times herein, a direct financial interest in the success of ATWA PC.

65. DR. ATWA had a right and ability to supervise the infringing publication.

66. Upon information and belief, DR. ATWA personally participated in hiring SAFRAN and/or OMSI.

67. Upon information and belief, DR. ATWA personally participated in hiring MCI.

68. The infringing material was published on ATWA PC's website, journeytothenewyou.com.

69. Upon information and belief, journeytothenewyou.com was at all relevant times registered to ATWA PC.

70. Upon information and belief, DR. ATWA is one of two officers in ATWA PC and is

the namesake for the company.

71. DR. ATWA had a right and ability to supervise the website journeytothenewyou.com.

72. DR. ATWA is a doctor who can and should review the images published on the website journeytothenewyou.com to make sure they are medically appropriate.

73. Upon information and belief, DR. ATWA reviewed and approved of the publication of the image on the website journeytothenewyou.com.

74. The copyright notice at the bottom of the infringing page is to "(c) Copyright 2019 Hesham M. Atwa, M.D., FACS, FASMBS".

75. The text immediately above the Subject Image depicting a peritoneal dialysis catheter refers specifically to DR. ATWA and his expertise at placing peritoneal dialysis catheters.

76. DR. ATWA should have ensured that every image employed on the website journeytothenewyou.com had a license and was properly obtained.

77. Upon information and belief, DR. ATWA did failed to ensure that the Subject Image as used on the website journeytothenewyou.com, was properly licensed and properly obtained.

78. Even if SAFRAN, OMSI and/or MCI represented that they would secure and obtain all necessary licenses, DR. ATWA had a right and ability to supervise same and should have requested to obtain a copy of each such license as ATWA PC and DR. ATWA are both responsible for the content on the website.

79. Upon information and belief, DR. ATWA failed to request a copy of the licenses for each image published on the website journeytothenewyou.com.

80. Upon information and belief, DR. ATWA failed to request a copy of the licenses for the Subject Image as published on the website journeytothenewyou.com.

81. Notwithstanding that the website displaying the Subject Image includes a copyright notice to "© Copyright 2019 Hesham M. Atwa, M.D. FACS, FASMBS", DR. ATWA had no role

in the creation of the Subject Image.

82. The Subject Image was created solely by Plaintiff.

83. At no time did any of defendants possess a copyright license to use the Subject Image for any of the uses complained of herein.

84. Upon information and belief, the Subject Image has been published to consumers via the ATWA PC website, journeytothenewyou.com.

85. Upon information and belief, defendant(s)' uses of Plaintiff's Subject Image are to brand defendant(s).

86. Upon information and belief, defendant(s)' uses of Plaintiff's Subject Image are to trade off of the likeability and quality of Plaintiff's Subject Image.

87. Upon information and belief, Defendant(s)' uses of Plaintiff's Subject Image are to increase its branding, revenue, profits and sales.

88. Such uses by defendant(s) of plaintiff's Subject Image are for defendant(s)' sole economic gains.

89. Upon information and belief, defendant(s) have benefitted economically from the use of Plaintiff's Subject Images via its sales, services, revenue and profits.

90. Defendant(s) used the Subject Image on journeytothenewyou.com to illustrate, promote, market, bring attention to, and advertise its/their respective business and increase sales.

91. Defendant(s) have employed, published and distributed the Subject Image without Plaintiff's license, authorization or consent.

92. The full nature and extent of all infringing uses by defendant(s) of the Subject Image are unknown to Plaintiff, as of this writing, said information being within the sole knowledge, custody, and control of Defendant(s).

93. The details and information regarding the scope of defendant(s)' uses of the Subject

Image are expected to be ascertained through discovery in this action.

94. The above described uses of the Subject Image by Defendant(s) commercially benefit the Defendant(s).

95. Upon information and belief, Defendant(s) knew and had actual knowledge that it lacked Plaintiff's license, authorization and consent to use the Subject Image as complained of herein.

96. Defendant(s) never sought nor obtained a license from plaintiff to use the Subject Image for any purpose, whatsoever.

97. No one on behalf of defendant(s) ever sought, or obtained, a license, authorization or consent from plaintiff to use the Subject Image for any purpose, whatsoever.

98. Plaintiff never granted either Defendant any license, authorization or consent to use the Subject Image as complained of herein.

99. Defendant(s) have employed the Subject Image for its/their own respective commercial benefit with knowledge that they had not secured a license to do so.

100. Defendant(s) used the Subject Image for each of their own respective economic advantage and to the detriment of Plaintiff.

## ADDITIONAL FACTS RELEVANT TO ALL CLAIMS

101. On June 14, 2019, Plaintiff's counsel sent a letter to Defendants ATWA and "Long Island Laparoscopic Doctors" regarding their unauthorized uses of Plaintiff's Subject Image (hereinafter the "Letter", a copy of said letter sans its exhibits, which are elsewhere annexed to this Complaint, is annexed hereto as **Exhibit "D"**.

102. On January 27, 2020, Plaintiff's counsel sent a letter to ATWA and "Long Island Laparoscopic Doctors" following up on the Letter, annexed hereto as **Exhibit "E"** (sans the referenced enclosure which is elsewhere annexed to this Complaint).

103. In response to the letter to DR. ATWA and "Long Island Laparoscopic Doctors", Plaintiff's counsel was contacted by counsel for OMSI, Mr. David SAFRAN of McClean, Virginia.

104. Upon information and belief, Mr. David SAFRAN is related to Mr. Bruce SAFRAN.

105. Plaintiff's counsel was later contacted by another attorney for OMSI, Ms. P. Betty Tufariello.

106. Pursuant to Federal Rule 11, Plaintiff has sought to obviate judicial intervention and the filing of suit.

107. Plaintiff's attempts at a non-judicial resolution of this matter were unsuccessful.

108. Defendant(s)' use of the Subject Image continued post issuance of the Letter.

109. Upon information and belief, some of defendant(s)' uses of the Subject Image continued post-notice of the infringements.

110. Defendant(s) have failed to provide compensation to Plaintiff for its uses of the Subject Image without a license, authorization or consent, in violation of the exclusive rights granted to Plaintiff as the copyright holder.

111. As of the date of this Complaint, the parties have been unable to resolve the matter.

112. Plaintiff is committed to protecting his copyright in the Subject Image.

113. That Defendant(s) have no defenses at law to the claims set forth herein.

114. Paragraphs "1" through "113" are incorporated by reference with respect to each of the below claims for relief.

# FIRST CLAIM FOR RELIEF
## Copyright Infringement
## Under Section 501-505 of the Copyright Act
## Against All Defendants

115. The use of Plaintiff's Subject Image by the Defendant(s), in connection with the website journeytothenewyou.com, was and is without Plaintiff's authorization, license or consent.

116. That, upon information and belief, the aforementioned acts of Defendant(s) constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to Plaintiff as copyright holder.

117. That, upon information and belief, Defendant(s)' uses of the Subject Image were willful, intentional and in bad faith.

118. That, upon information and belief, Defendant(s)' uses of the Subject Image in violation of Plaintiff's copyright were negligent in that defendant(s) knew or should have known that it/they were without a license for the use(s) complained of herein.

119. That, upon information and belief, Defendant(s) have actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Subject Image, that Defendant(s) never had a license, consent, or authorization by Plaintiff for the use of Plaintiff's Subject Image on its website by Defendant(s), and that any such use would be in violation of Plaintiff's copyright.

120. That as a result of Defendant(s)' acts, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

121. That the acts of the Defendant's alleged hereinabove constitute negligence and/or gross negligence.

122. That the acts of the Defendant's alleged hereinabove constitute willful blindness and/or reckless disregard.

123. That as a result of Defendant(s)' copyright infringement of Plaintiff's Subject Image, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the Defendant(s) attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

124. Plaintiff is similarly entitled to an injunction under 17 U.S.C. 502, permanently enjoining and prohibiting the Defendant(s) from utilizing the Subject Image in any manner.

**SECOND CLAIM FOR RELIEF**
Contributory Copyright Infringement
Against Defendants SAFRAN and OMSI

125. That, upon information and belief, MCI directly infringed Plaintiff's copyright by, *inter alia* published the Subject Image on the website journeytothenewyou.com in violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. Sections 106 and 501.

126. That, upon information and belief, DR. ATWA and ATWA PC directly infringed Plaintiff's copyright by, *inter alia* by hosting and continuing the publication of the Subject Image on the website journeytothenewyou.com in violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. Sections 106 and 501.

127. That, upon information and belief, SAFRAN and OMSI are liable as contributory infringers for the copyright infringement(s) committed via the selection, production and distribution of the Subject Image to MCI for MCI's further distribution and use of same by DR. ATWA and ATWA PC on the website journeytothenewyou.com, and that such uses are in violation of Plaintiffs' copyrights.

128. That, upon information and belief, SAFRAN and OMSI had actual and/or

constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public and/or business records, knew or should have known that the Subject Image was created by Plaintiff, and that any use as complained of herein was in violation of Plaintiff's copyright.

129. That upon information and belief, SAFRAN and OMSI knew or should have known that they were not authorized to use Plaintiff's Subject Image as complained of herein.

130. That upon information and belief, SAFRAN and OMSI knew or should have known that it lacked a license, authorization or consent to use Plaintiff's Subject Image as complained of herein.

131. That, upon information and belief, SAFRAN and OMSI has directly and/or indirectly caused, enabled, encouraged, facilitated, and materially contributed to the infringement(s) by MCI, DR. ATWA and ATWA PC, via SAFRAN and OMSI's selection, production and distribution of the Subject Image to MCI for the purpose of publishing the Subject Image on the website journeytothenewyou.com for DR. ATWA's and ATWA PC's further and continued use of the Subject Image in connection with the marketing, branding, promotion and advertising of ATWA PC.

132. That, upon information and belief, SAFRAN and OMSI have, in addition to the actions above, provided the tools, including the Subject Image, support, and/or instructions to MCI for the infringements via the selection, production and distribution of the Subject Image for MCI to publish on journeytothenewyou.com.

133. That, upon information and belief, through the conduct described hereinabove, SAFRAN and OMSI are contributorily liable for the infringement(s) described herein.

134. That, upon information and belief, the aforementioned acts of the

defendant(s) constitute federal statutory contributory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted plaintiffs as copyright holder.

135. Upon information and belief, SAFRAN and OMSI have contributed to the infringement(s) by, *inter alia*, the selection, production and/or distribution of the Subject Image to be published on journeytothenewyou.com.

136. That, upon information and belief, SAFRAN and OMSI's infringement(s) are and have been willful, intentional, purposeful, and/or in disregard of the rights of Plaintiff, and have caused substantial damage to Plaintiff.

137. That as a direct and proximate result of SAFRAN and OMSI's infringement(s), plaintiff has been and will continue to be damaged in an amount as yet undetermined.

138. That Plaintiff is entitled to the maximum statutory damages under 17 U.S.C. § 504 (c), and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of SAFRAN and OMSI, attributable to the infringement(s) as under 17 U.S.C. § 504 (a)-(b).

139. That Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. § 101 et., seq., given the willful, intentional, malicious and bad faith nature of defendant(s)' copyright infringement(s).

### THIRD CLAIM FOR RELIEF
Induced Copyright Infringement
Against Defendants SAFRAN and OMSI

140. That, upon information and belief, MCI directly infringed Plaintiff's copyright by, *inter alia* published the Subject Image on the website journeytothenewyou.com in violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. Sections 106 and 501.

141. That, upon information and belief, DR. ATWA and ATWA PC directly infringed Plaintiff's copyright by, *inter alia* by hosting and continuing the publication of the Subject Image

on the website journeytothenewyou.com in violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. Sections 106 and 501.

142. That, upon information and belief, SAFRAN and OMSI are liable for inducing the copyright infringement(s) committed via selection, production and/or distribution of the Subject Image to MCI for the purpose and with the intention of MCI's further publication of the Subject Image on the website journeytothenewyou.com, to be further utilized, hosted and published by DR. ATWA and ATWA PC, and that such uses are in violation of Plaintiff's copyrights.

143. That, as explained herein, upon information and belief, SAFRAN and OMSI have actively facilitated, encouraged, and/or enticed MCI, DR. ATWA and ATWA PC to commit copyright infringement.

144. Upon information and belief, SAFRAN and OMSI induced and/or continues to induce infringement(s) by, *inter alia*, selecting, producing, and/or distributing the Subject Image via its digital media services relating to the website journeytothenewyou.com.

145. Upon information and belief, SAFRAN and OMSI have induced and/or continues to induce infringement(s) by, *inter alia*, failing to timely and fully recall the production and/or distribution of the Subject Image as well as materials displaying the Subject Image via its digital media services.

146. SAFRAN and OMSI have taken affirmative steps toward the selection, production and distribution of the Subject Image to MCI, DR. ATWA and ATWA PC, as part of its digital media services.

147. SAFRAN and OMSI have taken affirmative steps by directly distributing the Subject Image to MCI for use on the website journeytothenewyou.com, to be further utilized by DR. ATWA and ATWA PC.

148. That, upon information and belief, SAFRAN and OMSI's infringement(s) are and

have been willful, intentional, purposeful, and with disregard of the rights of Plaintiff, and have caused substantial damage to Plaintiff.

149. That, upon information and belief, SAFRAN and OMSI had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public and/or business records, knew or should have known that the Subject Image was created by Plaintiff, and that any use as complained of herein was in violation of Plaintiff's copyright.

150. That upon information and belief, SAFRAN and OMSI knew or should have known that it was not authorized to use, distribute, publish or cause to be published Plaintiff's Subject Image as complained of herein.

151. That, upon information and belief, through the acts described hereinabove, SAFRAN and OMSI are liable for inducing the infringement(s) described herein.

152. That as a direct and proximate result of defendant(s)' infringement(s), Plaintiff is entitled to the maximum statutory damages under 17 U.S.C. § 504 (c), and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the defendant, attributable to the infringement(s) as under 17 U.S.C. § 504 (a)-(b).

153. That pursuant to 17 U.S.C. § 505, Plaintiff is entitled to his costs, including reasonable attorneys' fees.

## JURY DEMAND

154. That Plaintiff requests a trial by jury of all issues.

**WHEREFORE**, Plaintiff demands judgment as against the Defendants as follows:

**ON THE FIRST CLAIM FOR RELIEF**- (A) Award to Plaintiff her actual damages incurred as a result of Defendant(s)' infringement, and all profits realized as a result of its infringement, in amounts to be determined at trial; or (B) in the alternative, at Plaintiff's election, award to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 504 for each separate and distinct act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendants from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE SECOND CLAIM**- (A) Award to plaintiff his actual damages incurred as a result of Defendant(s)' infringements, and all profits realized as a result of its infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at Plaintiff's election, award to Plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendants, including but not limited to wholly owned subsidiaries, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiff's copyrighted Image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE THIRD CLAIM**- (A) Award to plaintiff his actual damages incurred as a result of Defendant(s)' infringements, and all profits realized as a result of its infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at Plaintiff's election, award to Plaintiff maximum statutory damages pursuant to 17

U.S.C. § 504 for each individual act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendants, including but not limited to wholly owned subsidiaries, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiff's copyrighted Image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, New York
June 21, 2021

                              Yours, etc.,

                              s/Edward C. Greenberg (EG 5553)
                              Edward Greenberg, Esq. (EG 5553)
                              EDWARD C. GREENBERG, LLC
                              445 Hamilton Avenue, Suite 1102
                              White Plains, NY 10601
                              Tel: (212) 697-8777
                              Fax: (212) 697-2528
                              *Attorneys for Plaintiff*