# EDWARD C. GREENBERG, LLC
COUNSELORS AT LAW
10 CITY PLACE, SUITE 19C
WHITE PLAINS, NY  10601
TELEPHONE: (914) 831-3344

Edward C. Greenberg*
ecglaw@gmail.com

October 29, 2021

**VIA ELECTRONIC FILING**
Hon. Kathleen Tomlinson
United States Magistrate Judge
United States District Court - EDNY
100 Federal Plaza (Courtroom 830)
Central Islip, New York 11722

Re:  *Austin v. Atwa et al;* Index:  2:21-cv-01242 (LDH)(AKT)
     LETTER MOTION TO COMPEL AND PRECLUDE DISCOVERY

Your Honor,

We represent the plaintiff, Michael Austin, in the above-referenced action.  Counsel for all defendants is copied on this letter.  We present the within letter motion to compel and preclude discovery pursuant to Your Honor's Individual Rule III(A)(1) and Local Civil Rules 37.1 and 37.3.

The Court entered a Civil Conference Minute Order on September 2, 2021 (hereinafter the "Court Order", annexed hereto at **Exhibit "A"**), which stated that: "Initial Disclosures pursuant to Rule 26(a) must be served by September 7, 2021.  Counsel shall serve their document requests and interrogatories no later than October 15, 2021.  Responses to those demands must be served by November 19, 2021." [Court Order ¶ 3].

The Court further ordered that the parties prepare and execute a Stipulation and Order of Confidentiality and file same on ECF by October 29, 2021 [Court Order ¶ 4], and that the parties prepare and execute a written and signed ESI protocol agreement and file same on ECF no later than October 29, 2021 [Court Order ¶ 5].

On September 7, 2021, Plaintiff duly served his F.R.C.P. 26(a) disclosures on defendants via their counsel.  On September 8, 2021, plaintiff duly served "Plaintiff's First Requests for the Production of Documents", a copy of which is annexed hereto at **Exhibit "B"**, and "Plaintiff's First Set of Interrogatories", a copy of which is annexed hereto at **Exhibit "C"**, on Defendants, via their counsel.  Although responses to the First Requests for Production and First Set of Interrogatories were noticed to be due on October 8, 2021, we note that the Court's Order provides a deadline of no later than November 19, 2021. Court Order ¶ 3.  On September 10, 2021, plaintiff duly served Notices to Take Depositions of Hesham M. Atwa, M.D. and Hesham M. Atwa, Physician P.C. on Monday, October 18, 2021, and Notices to Take Depositions of Bruce Safran, Outsource Marketing Solutions, Inc., and MD Connect, Inc. on Tuesday, October 19, 2021.  Copies of the Notices to Take Deposition are annexed hereto at **Exhibit "D"**.

After receiving no Rule 26(a) disclosures from any of defendants, no discovery requests, and no correspondence regarding the discovery documents served by plaintiff or the impending depositions, your correspondent reached out to defendants' counsel via email on October 4, 2021 acknowledging the lack of compliance with the Court's Order, stating the need to confirm the depositions, requesting that counsel communicate with the undersigned in order to obviate judicial intervention, and with a request to speak via telephone.  Defendants' counsel then sent a responsive email on October 4, 2021, stating that she was in court but would speak on the phone on October 5, 2021.

Defendants' counsel spoke with the undersigned via telephone on October 5, 2021 and advised that she had had a personal emergency occur early in September and that she would provide alternative dates for her client to be deposed and make the requisite 26(a) disclosures later that week. Notwithstanding, no disclosures were subsequently served and no deposition dates were provided. On October 11, 2021, your correspondent again emailed defendants' counsel requesting deposition dates and compliance with the Court Order. No correspondence, disclosures or documentation of any kind has been received from defendants' counsel.

In accordance with the Court's Order, on October 21, 2021, plaintiff's counsel sent a draft Stipulation for the Protection and Exchange of Confidential Information as well as a draft ESI Protocol agreement to defendants' counsel, and reminded counsel of the October 29, 2021 filing deadline. Your correspondent further reiterated defendants' lack of compliance with the Court Order by failing to serve the Initial Disclosures by September 7, 2021, and failing to serve document requests and interrogatories by October 15, 2021. Your correspondent advised counsel that failing compliance by October 29, 2021, plaintiff would be constrained to file the within motion to compel discovery and for sanctions as is appropriate. Again, no response was received to this correspondence.

Given the lack of participation by defendants' counsel in preparing a Stipulation and Order of Confidentiality and written ESI protocols, we are unfortunately unable to file same with the court by the court's deadline. Plaintiff is trying to move the case along, but is unfortunately being stalled by defendants.

F.R.C.P. 37(a)(3)(B) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "(ii) a party fails to answer an interrogatory submitted under Rule 33" or "(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34". As defendants have failed to: serve their Rule 26(a) disclosures, appear at their depositions, and respond to plaintiff's First Requests for Documents and First Set of Interrogatories within 30 days of service, plaintiff respectfully requests that the Court order defendants to make such initial disclosures, appear for depositions, and to provide the requisite responses to plaintiff's requests for documents and interrogatories.

F.R.C.P. 37(5)(A) provides that "[i]f the [within] motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Pursuant to Local Civil Rule 37.3, movant certifies that the undersigned has in good faith conferred or attempted to confer with the defendants via their counsel, as explained herein, regarding defendants' failure to adhere to the Court's Order, in an effort to obviate the within motion. Notwithstanding plaintiff's counsel's efforts to resolve these issues without court action, defendants' and their counsel's inaction and failure to comply with the court's order have left plaintiff with no choice but to file the within motion. Accordingly, plaintiff respectfully requests that the Court require defendants or their counsel to pay movant's reasonable expenses incurred in making this motion, including the attorneys' fees incurred from same.

Given that defendants have failed to serve any requests for documents or interrogatories by the October 15, 2021 deadline set by the Court [Court Order ¶ 3], plaintiff further requests that defendant be precluded from doing so. Rule 37(b)(2)(A) provides as follows:

> "If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

2

>  (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Plaintiff respectfully requests that the Court issue an order precluding defendants from serving untimely Requests for Production of Documents or Interrogatories in violation of the Court Order, and designating defendants' failure to obey the Court Order as a contempt of court. *See American Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002) (adopting recommendation that plaintiffs' motion to preclude affirmative defense be granted due to discovery violations).

"[A] court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 429 (S.D.N.Y. 2009). Sanctions should be employed with a view toward the purposes they serve. *Int'l Mining Co. v. Allen & Co., Inc.*, 567 F. Supp. 777, 786 (S.D.N.Y. 1983). Rule 37 is intended to encourage and enforce strict adherence to the "responsibilities counsel owe to the Court and to their opponents," *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003), citing, *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976).

The purpose of sanctions under Rule 37 is to "ensure that a party will not be able to profit from its own failure to comply with the requirements of discovery", to "act as specific deterrents in that they seek to secure compliance with the particular order at hand" and "the general deterrent effect in enforcing strict adherence to the responsibilities litigants owe the court and their opponents is served". *Int'l Mining Co. v. Allen & Co., Inc.*, 567 F. Supp. 777, 786 (S.D.N.Y. 1983) Sanctions "may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to such conduct in the absence of such a deterrent [internal citations omitted]". *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union, 212 F.R.D.* 178, 219 (S.D.N.Y. 2003)

Sanctions are appropriate here, where defendants have completely ignored the Court's Order of September 2, 2021. "Unless Rule 37 is perceived as a credible deterrent rather than a 'paper tiger,' the pretrial quagmire threatens to engulf the entire litigative process." *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003), citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979).

Plaintiff respectfully requests that the Court issue an Order compelling defendants to produce their Rule 26(a) disclosures, to appear at their depositions, and to respond to plaintiff's First Requests for the Production of Documents and First Set of Interrogatories. Plaintiff further requests that defendants be precluded from serving untimely requests for production or interrogatories, that their conduct be designated as a contempt of court, and that defendants be ordered to pay plaintiff's reasonable expenses and fees incurred in the making of this motion.

    Respectfully,

    /s/ Edward C. Greenberg (EG 5553)
    *Attorneys for Plaintiff Michael Austin*

Copy to: P. Betty Tufariello, Esq., *Counsel for Defendants*